# VOLUNTARY PETITION

| United States Bankruptcy Court<br>Northern District of Texas<br>Dallas Division | | VOLUNTARY PETITION |
|---|---|---|
| Name of Debtor (if individual, enter Last, First, Middle):<br>**THE HOPS NORTHEAST FLORIDA JOINT VENTURE NO. II** | Name of Joint Debtor (Spouse) (Last, First, Middle): | |
| All Other Names used by Debtor in the last 6 years<br>(include married, maiden, and trade names):<br>Hops Restaurant Bar & Brewery<br>Hops of Northeast Florida, Inc.<br>HNEF Area Manager II, Ltd.<br>Fitch, Inc. | All Other Names used by Joint Debtor in the last 6 years<br>(include married, maiden, and trade names): | |
| Soc. Sec./Tax I.D. No. (if more than one, state all):<br>59-3225385 | Soc. Sec./Tax I.D. No. (if more than one, state all): | |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>Hancock at Washington<br>Madison, Georgia 30650 | Street Address of Debtor (No. & Street, City, State & Zip Code): | |
| County of Residence or of the<br>Principal Place of Business:<br>Morgan County | County of Residence or of the<br>Principal Place of Business: | |
| Mailing Address of Debtor (if different from street address): | Mailing Address of Joint Debtor (if different from street address): | |
| Location of Principal Assets of Business Debtor<br>(if different from addresses listed above):<br>1780 Wells Rd.<br>Orange Park, FL 32073 | | |

## INFORMATION REGARDING DEBTOR (Check the Applicable Boxes)

**Venue** (Check any applicable box)
- ☐ Debtor has been domiciled or has had a residence, principal place of business or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.
- ☒ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

| **Type of Debtor** (Check all boxes that apply)<br>☐ Individual          ☐ Railroad<br>☐ Corporation        ☐ Stockbroker<br>☒ Partnership        ☐ Commodity Broker<br>☐ Other _____ | **Chapter or Section of Bankruptcy Code Under Which the Petition Is Filed** (Check one box)<br>☐ Chapter 7        ☒ Chapter 11        ☐ Chapter 13<br>☐ Chapter 9        ☐ Chapter 12<br>☐ Sec. 304-Case ancillary to foreign proceeding |
|---|---|
| **Nature of Debts** (Check one box)<br>☐ Consumer/Non-Business        ☒ Business | **Filing Fee** (Check one box)<br>☒ Full Filing Fee attached.<br>☐ Filing Fee to be paid in installments (Applicable to individuals only)<br>     Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form No. 3. |
| **Chapter 11 Small Business** (Check all boxes that apply)<br>☐ Debtor is a small business as defined in 11 U.S.C. § 101.<br>☐ Debtor is and elects to be considered a small business under 11 U.S.C. § 1121(e). (optional) | |

| Statistical/Administrative Information (Estimates only)<br>☒ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| Estimated Number of Creditors:   1-15 ☐    16-49 ☐    50-99 ☐    100-199 ☐    200-999 ☐    1,000-over* ☒ | |
| Estimated Assets<br>$0 to $50,000 ☐    $50,001 to $100,000 ☐    $100,001 to $500,000 ☐    $500,001 to $1 million ☐    $1,000,001 to $10 million ☐    $10,000,001 to $50 million ☐    $50,000,001 to $100 million ☐    More than $100 million* ☒ | |
| Estimated Debts<br>$0 to $50,000 ☐    $50,001 to $100,000 ☐    $100,001 to $500,000 ☐    $500,001 to $1 million ☐    $1,000,001 to $10 million ☐    $10,000,001 to $50 million ☐    $50,000,001 to $100 million ☐    More than $100 million* ☒ | |

\* The estimates reflect consolidated information from Avado Brands, Inc. and its affiliates (collectively, the "Avado Entities", listed on the attached Annex A) filing voluntary petitions with the United States Bankruptcy Court for the Northern District of Texas - Dallas Division on February __, 2004.

| VOLUNTARY PETITION | Name of Debtor(s): | Form B1, Page 2 |
|---|---|---|
| *(This page must be completed and filed in every case)* | THE HOPS NORTHEAST FLORIDA JOINT VENTURE NO. II | |

| Prior Bankruptcy Case Filed Within Last 6 Years (If more than one, attach additional sheet) | | |
|---|---|---|
| Location Where Filed: None | Case Number: | Date Filed: |

| Pending Bankruptcy Case Filed by Any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet.) | | |
|---|---|---|
| Name of Debtor: See Annex A | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

## SIGNATURES

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of Debtor (Corporation/Partnership) |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct. [If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X_____<br>Signature of Debtor<br><br>X_____<br>Signature of Joint Debtor<br><br>_____<br>Telephone Number (If not represented by attorney)<br><br>_____<br>Date | I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X /s/ Kevin J. Leary<br>Signature of Authorized Individual<br><br>Kevin J. Leary<br>Name of Authorized Individual<br><br>Authorized Signatory for the Hops Northeast Florida Joint Venture No. II<br>Title of Authorized Individual<br><br>February 4, 2004<br>Date |

| Signature of Attorney | Signature of Non-Attorney Petition Preparer |
|---|---|
| X /s/ George N. Panagakis<br>Signature of Attorney for Debtor(s)<br><br>George N. Panagakis<br>Printed Name of Attorney for Debtor(s)<br><br>Skadden, Arps, Slate, Meagher & Flom LLP<br>Firm Name<br><br>333 W. Wacker Drive, Chicago, IL  60606-1285<br>Address<br><br>(312) 407-0700<br>Telephone Number<br><br>February 4, 2004<br>Date | I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.<br><br>_____<br>Printed Name of Bankruptcy Petition Preparer<br><br>_____<br>Social Security Number<br><br>_____<br>Address<br><br>_____<br>Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>X_____<br>Signature of Bankruptcy Petition Preparer<br><br>_____<br>Date<br><br>A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C.§ 156. |

| EXHIBIT A |
|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)<br>☐ Exhibit A is attached and made a part of this petition. |

| EXHIBIT B |
|---|
| (To be completed if debtor is an individual whose debts are primarily consumer debts) I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.<br><br>X_____<br>Signature of Attorney for Debtor(s)               Date |

2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re:                                  :
                                        :      Chapter 11
THE HOPS NORTHEAST FLORIDA              :
JOINT VENTURE NO. II,                   :
                                        :
                                        :      Case No. 04-_____ ( )
                 Debtor.                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

## CONSOLIDATED LIST OF CREDITORS HOLDING 50 LARGEST UNSECURED CLAIMS

   A list of the creditors holding the 50 largest unsecured claims against the Hops Northeast Florida Joint Venture No. II, and certain of its subsidiaries and affiliates, (collectively, the "Avado Entities") was included with the petition of Don Pablo's of Texas, LP. The list has been prepared on a consolidated basis, based upon the books and records of the Avado Entities, all of which have contemporaneously commenced chapter 11 cases in this Court. The information presented in the list shall not constitute an admission by, nor is it binding on, the Avado Entities.[1]

   The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101 or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 50 largest unsecured claims.[2]

---

[1] The Avado Entities may file the schedules of assets and liabilities (the "Schedules") in accordance with 11 U.S.C. § 521 and Fed. R. Bankr. P. 1007. The information contained in the Schedules may differ from the information set forth below.

[2] The Avado Entities have not yet identified all of the 50 largest unsecured claims, if any, that are contingent, unliquidated, disputed and/or subject to setoff. The Avado Entities reserve the right to identify any of the 50 largest unsecured claims in their Schedules as contingent, unliquidated, disputed and/or subject to setoff, as appropriate.

3

# RESOLUTIONS OF
# THE HOPS NORTHEAST FLORIDA JOINT VENTURE NO. II

### Dated as of February 4, 2004

Pursuant to Section 620.125 of the Florida Revised Uniform Limited Partnership Act and the Agreement of Limited Partnership of the Hops Northeast Florida Joint Venture No. II, a Florida Limited Partnership (the "Limited Partnership"), the undersigned, as sole general partner of the Limited Partnership (the "General Partner"), does hereby adopt the following resolutions:

WHEREAS, the General Partner has been presented with a proposed petition to be filed by the Limited Partnership in the United States Bankruptcy Court for the Northern District of Texas - Dallas Division (the "Bankruptcy Court") seeking relief under the provisions of chapter 11 of title 11 of the United States Code, in which the authority to operate as a debtor-in-possession will be sought; and

WHEREAS, the General Partner has reviewed the proposed petition and wishes to take actions that are in the best interests of the Limited Partnership, its creditors, its partners and other interested parties.

NOW THEREFORE, BE IT RESOLVED, that in the judgment of the General Partner it is desirable and in the best interests of the Limited Partnership, its creditors, its partners and other interested parties, that a petition be filed by the Limited Partnership in the Bankruptcy Court seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), in which the authority to operate as a debtor-in-possession will be sought, and the filing of such petition is authorized hereby; and it is further

RESOLVED, that each of Kevin J. Leary, Michael A. Feder, Louis J. Profumo and Edward M. Burr be appointed by the General Partner as an authorized signatory (each, an "Authorized Signatory") and a Vice President and Assistant Secretary

4

in connection with the chapter 11 case authorized herein; and it is further

RESOLVED, that each Authorized Signatory and each officer of the Limited Partnership, together with any other person or persons hereafter designated by the General Partner, or any one of such persons (each, individually, an "Authorized Officer," and, individually and collectively, the "Authorized Officers") be, and each of them hereby is, authorized, empowered and directed, on behalf of the Limited Partnership, to execute and verify a petition in the name of the Limited Partnership under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the Bankruptcy Court in such form and at such time as the Authorized Officer executing said petition on behalf of the Limited Partnership shall determine; and it is further

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized, directed and empowered, on behalf of and in the name of the Limited Partnership, to execute and/or file, or cause to be executed and/or filed (or to direct others to do so on their behalf as provided herein) all necessary documents including, but not limited to, all petitions, affidavits, schedules, motions, lists, applications, pleadings and other papers, and in that connection to employ and retain all assistance by legal counsel, accountants or other professionals and to take any and all other action, that they or any of them deem necessary, proper or desirable in connection with the chapter 11 case contemplated hereby, with a view to the successful prosecution of such case; and it is further

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized and empowered, in the name and on behalf of the Limited Partnership, to take or cause to be taken, from time to time, any and all such further action and to execute and deliver, or cause to be executed and delivered, all such further agreements, documents, certificates and undertakings including, but not limited to, amendments to the documents

5

contemplated hereby following the effectiveness thereof, and to incur all such fees and expenses as in their judgment shall be necessary, appropriate or advisable, to effectuate the purpose and intent of the foregoing resolutions; and it is further

RESOLVED, that the Limited Partnership as debtor and debtor-in-possession under chapter 11 of the Bankruptcy Code be, and it hereby is, authorized to enter into a debtor-in-possession financing facility, and in connection therewith, to grant any guarantees, pledges, mortgages, and other security instruments containing such provisions, terms, conditions, covenants, warranties and representations as may be deemed necessary or appropriate by any Authorized Officer to obtain such debtor-in-possession financing for the Limited Partnership or its subsidiaries and affiliates; and it is further

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized and empowered to execute, deliver, and perform for and on behalf of the Limited Partnership, as debtor and debtor-in-possession, any documents, agreements, guaranties, instruments, financing statements, undertakings and certificates necessary or appropriate to facilitate the transactions contemplated by the foregoing resolution including, but not limited to, any credit agreement, promissory note, letter of credit application, or other document evidencing the obligations of the Limited Partnership under the debtor-in-possession financing, and any modifications or supplements thereto, all such materials to be in the form approved by such Authorized Officers, the execution and delivery thereof to be conclusive evidence of such approval; and it is further

RESOLVED that the Authorized Officers be, and each of them hereby is, authorized and empowered for and in the name and on behalf of the Limited Partnership to amend, supplement or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements or other writings referred to in the foregoing resolutions; and it is further

RESOLVED, that the law firm of Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Chicago, Illinois 60606-1285, and its affiliated law practice entities be, and hereby are, employed under a general retainer as attorneys for the Limited Partnership in the chapter 11 case; and it is further

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized and empowered, in the name and on behalf of the Limited Partnership, to retain such other professionals as they deem appropriate during the course of the chapter 11 case; and it is further

RESOLVED that the Authorized Officers be, and each of them hereby is, authorized, in the name and on behalf of the Limited Partnership, to take or cause to be taken any and all such further action and to execute and deliver or cause to be executed or delivered all such further agreements, documents, certificates and undertakings, and to incur all such fees and expenses as in their judgment shall be necessary, appropriate or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions; and it is further

RESOLVED, that all acts lawfully done or actions lawfully taken by any Authorized Officer to seek relief on behalf of the Limited Partnership under chapter 11 of the Bankruptcy Code, or in connection with the chapter 11 case, or any matter related thereto, including in connection with the debtor-in-possession financing, be, and they hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Limited Partnership.

When signed by the General Partner, these resolutions shall be effective as of the date first written above.

7

        IN WITNESS WHEREOF, the undersigned has executed these Resolutions of the General Partner as of the date first written above.

                                                    General Partner:
                                                  Hops Grill & Bar, Inc.

                                                  By: _____
                                                Percy V. Williams
                                                Senior Vice President &
                                                Secretary